IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN P. GOODRICH,

        Plaintiff,

vs.                                                                 No. CIV 09-147 WDS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Doc. Nos. 13, 14], Defendant's Response [Doc. No. 15], Plaintiff's Reply [Doc. No. 18], the administrative record and applicable law, the Court finds that Plaintiff's Motion is not well taken and it will be denied and that the decision of the Commissioner denying Plaintiff benefits will be affirmed.

### I.  Background

Plaintiff, who was born on July 4, 1951, worked as a car salesman prior to the onset of his alleged disability. Tr. 62, 66. Plaintiff applied for benefits on June 21, 2005. Tr. 62. He alleged that he became disabled on April 1, 2005 and later amended his application to allege a closed period of disability from April 1, 2005 to August 1, 2006. Tr. 360. Plaintiff alleged that he was disabled as a result of a hernia, heart, and blood platelets, and on August 15, 2005, he added anxiety and depression as alleged disabilities. Tr. 62, 100. Plaintiff's application was denied at the initial level

on August 4, 2005, Tr. 53, and at the reconsideration level on September 26, 2005. Tr. 45. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on November 16, 2005. Tr. 43.

A hearing was held on March 22, 2007 before ALJ Ben Willner, who heard testimony from Plaintiff. Tr. 354-376. The ALJ entered a decision finding him not disabled. Tr. 16. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 5-8.

Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties [Doc. Nos. 7, 20], this case was assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636©.

## II. Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 116, 118 (10th Cir. 2004). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

The Contract with America Advancement Act of 1996, Public L. No. 104-121, 110 Stat. 848, 852 (enacted March 29, 1996) added an extra step to the five-step analysis for claimants with drug addiction or alcoholism ("DAA"). The Act amended the Social Security Act to provide that "[a]n

3

individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §423(d)(2)©.  The ALJ must find plaintiff not disabled if alcoholism or drug addiction is a contributing factor material to his disability determination. *See Salazar v. Barnhart,* 468 F.3d 615 (10th Cir. 2006);  *Bainer v. Barnhart,* 2004 WL 2009426 at *3 (D. Kan. Aug. 19, 2004) (citing 42 U.S.C. §423(d)(2)©).  The key inquiry is whether the plaintiff would still be disabled if he stopped using drugs or alcohol.  *Id.* 20 C.F.R. §404.1535(b)(1).

A two-step analysis is required to determine whether DAA is a contributing factor material to a determination of disability. First, the ALJ assesses which of the claimant's limitations would remain if he stopped using drugs or alcohol. 20 C.F.R. §404.1535(b)(2).  Second, if the ALJ decides that the claimant's remaining limitations would not be disabling, his DAA is then considered a contributing factor material to the disability determination. *Id.* However,  if the claimant's remaining limitations are still disabling, the DAA is not a contributing factor material to the disability determination.  *Id.* Under the latter scenario, the plaintiff then would be found disabled, independent of his addictions. *Id.*

Shortly after The Contract with America Advancement Act was enacted, the Commissioner sent out a Teletype ("the Teletype") on applying the new law, which discusses, *inter alia*, situations where a claimant has a mental impairment(s) in addition to DAA. *See* Cox, Dale, Social Security Administration, Emergency Teletype, August 30, 1996. The Teletype provides guidance to ALJs in making disability determinations.

The claimant has the burden of proving that DAA is not a contributing factor material to the determination of disability. *Chavez v. Astrue,* No. 08-1103 WPL, Docket No.  30 at 8 (D.N.M. Jan.

5, 2010) (citations omitted); *Padilla v. Astrue,* No. 06-1023 CEG, Docket No. 13 at 15 (D.N.M. Sept. 17, 2009) (citations omitted).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity during his requested closed period from April 1, 2005 through August 1, 2006. Tr. 19.  The ALJ found at step two that Plaintiff had the severe impairments of depression and alcohol abuse. Tr. 19.  The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings.  Tr. 20-21.  At step four, the ALJ concluded that based on the impairments of depression and alcohol abuse, Plaintiff lacked the minimum mental ability required to sustain substantial gainful activity, particularly the ability to respond appropriately to supervision and changes in the work environment, interact with the public and coworkers, and attend work regularly.  Given the RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 21-22.  At step five, the ALJ used the Medical-Vocational Rules as a framework to find that "there were no jobs that exist in significant numbers in the national economy that the claimant could perform during the requested closed period."  Tr. 22-23.  The ALJ went on to find that if Plaintiff stopped the substance use, the remaining limitations would not cause more than a minimal impact on the claimant's ability to perform basic work activities and, therefore, Plaintiff would not continue to have severe impairments; that Plaintiff would not have impairments that met or medically equaled any of the Listings; and that Plaintiff would have the RFC to perform a wide range of work at all exertional levels, including his past work as a car salesman. Tr. 23-25. The ALJ found that because Plaintiff would not be disabled if he stopped the substance use,  the claimant's substance use disorder(s) was a contributing factor material to the determination of disability. Tr. 25. Accordingly, the ALJ found that the claimant was

not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. *Id.*

Plaintiff alleges that the ALJ's determination that Plaintiff's alcohol abuse was a contributing factor material to the determination of disability was not supported by substantial evidence, and it ignores and fails to address the findings of the administration's own expert psychiatrist.

### IV.  Discussion

**Was the ALJ's determination that Plaintiff's alcohol abuse was a contributing factor material to the determination of disability unsupported by substantial evidence and did it ignore and fail to address the findings of Dr. Mellon, the administration's expert.**

Plaintiff contends that because there was no medical evidence for the ALJ to consider that discussed Plaintiff's limitations with and without alcohol use, the ALJ erred in finding that Plaintiff's alcohol abuse was a contributing factor material to the determination of disability. Plaintiff argues that it was the responsibility of Charles Mellon, M.D., a consultative psychiatrist who examined Plaintiff in September 2005, to project what limitations, if any, would remain if Plaintiff were to stop using alcohol. [Doc. No. 14, p. 8]. Plaintiff alleges that Dr. Mellon failed to make this projection as evidenced by the doctor's following statement: "The claimant presents with depression in the face of untreated and unacknowledged alcohol dependence.  It is not possible to determine the role that the alcohol use is playing in his decreased function and mood." Tr. 224. Plaintiff argues that because Dr. Mellon determined that the effects of Plaintiff's depression could not be separated from his abuse of alcohol, the ALJ was required under the guidance provided in the Teletype to find that DAA was not a factor material to the determination of disability and, therefore, Plaintiff was disabled between April 1, 2005 and August 1, 2006. [Doc. No. 14].   In support of his position, Plaintiff cites the following:

> 27.   Q. Is it appropriate for a MC/PC to conclude that he/she cannot project what

> limitations, if any, would remain if drug/alcohol use stopped and let the DE make a determination that DAA is not material?
>
> A. Yes. There will be cases in which the evidence demonstrates multiple impairments, where the MC/PC cannot project what limitations would remain if the individuals stopped using drugs/alcohol. In such cases, the MC/PC should record his/her findings to that effect. Since a finding that DAA is material will be made only when the evidence establishes that the individual would not be disabled if he/she stopped using drugs/alcohol, the DE will find that DAA is not a contributing factor material to the determination of disability.

[Teletype, Question 27]. Plaintiff further argues that Plaintiff's treating physician also found that the effects of depression could not be separated from the effects of alcoholism by stating: "I told him it is essential that he get counseling or find out if his alcoholism is tied to the fact that his depression is not being adequately treated, and that we will do everything we can here to make sure that his depression is brought under control in hopes of preventing him from going back to alcohol." [Doc. No. 14, p. 6]. Plaintiff also cites two lay witness statements that he alleges are further support that the functionally limiting effects of Plaintiff's depression could not be distinguished from his alcohol abuse. [Doc. No. 14, p. 8]. Plaintiff additionally cites *Salazar v. Barnhart*, 468 F.3d 615, 623-624 (10th Cir. 2006) for the proposition that where there is no medical evidence separating the restrictions imposed by alcohol abuse from other mental impairments, a finding of "not material" would be appropriate. [Doc. No. 14, p. 10].

This Court disagrees that medical evidence separating the limitations imposed by alcohol abuse from those imposed by a mental impairment is the sole manner in which to determine whether alcoholism is a contributing factor material to the determination of disability. This Court further disagrees with Plaintiff that the record is devoid of any relevant medical evidence.

What this Court finds significant in this case and what distinguishes this case from *Salazar* is that in this case, during a period of abstinence from alcohol, Plaintiff returned to work. After

7

receiving a DUI in June 2006, Plaintiff felt that he had "hit bottom," and he stopped drinking on July 12, 2006. Tr. 368-369. He voluntarily entered a detox program for a week and started attending Alcoholics Anonymous meetings twice a week. Tr. 24, 369. Once he sought treatment and stopped drinking, he was able to return to work in August 2006 and continued working long hours until at least March 22, 2007, the date of the hearing. Tr. 24. In *Salazar v. Barnhart,* 468 F.3d 615 (10th Cir. 2006), the Tenth Circuit Court of Appeals discussed the two-step analysis when mental impairments are involved and utilized the Teletype for guidance.  The Tenth Circuit quoted the following Teletype language, noting that the Teletype "stresses the need for careful examination of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA is *not* a contributing factor material to the disability determination":

> 29. Q. The most complicated and difficult determinations of materiality will involve individuals with documented substance use disorders and one or more other mental impairments.  In many of these instances, it will be very difficult to disentangle the restrictions and limitations imposed by the substance use disorder from those resulting from the other mental impairment(s).  Can any examples be provided for how to handle the materiality determination in these situation, or can any guidance be provided for the type of information that should be used in trying to assess the impact of each impairment?
>
> A.  We know of no research data upon which to reliably predict the expected improvement in a coexisting mental impairment(s) should drug/alcohol use stop. The most useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs/alcohol. Of course, when evaluating this type of evidence consideration must be given to the length of the period of abstinence, how recently it occurred, and whether there may have been any increase in the limitations and restrictions imposed by the other mental impairments since the last period of abstinence.  When it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate.

*Id*.  In *Salazar*, unlike in this case, the Tenth Circuit found that Plaintiff's mental impairments actually worsened during a period of abstinence**,** and, accordingly, the abstinence period could not

8

be used as evidence that the Plaintiff was not disabled. *Salazar,* 468 F.3d at 624. The Tenth Circuit then looked to medical evidence to determine if there was substantial evidence to show what remaining limitations might be left if Plaintiff stopped her substance abuse and found that substantial evidence was not present. *Salazar*, 468 F.3d at 625.

In the present case, Plaintiff could work, and did work long hours, once he stopped drinking for at least seven months. In the Teletype, the Commissioner discussed three examples where it would be appropriate to find that DAA was a contributing factor material to the disability determination. One of the examples was a situation where after a drug-free period of one month, the impairment other than substance abuse, by itself, was not disabling. [Teletype, Question 27]. The Commissioner stated that this example illustrates the fact that "in some situations, it may not be possible to separate the effect of drug/alcohol use from the effects of the other impairment(s) until the individual has been abstinent for a length of time sufficient to allow the acute effects of intoxication and withdrawal to abate." *Id.* This is the situation before the Court. Doctors were unable to speculate as to what exactly Plaintiff's limitations were without alcohol use. However, the actual period of abstinence established what the doctors were not able to speculate about - - that any remaining limitations absent alcohol use were not disabling, and Plaintiff could and did return to work.

This Court also disagrees with Plaintiff's assertion that the record is devoid of any relevant medical evidence. The ALJ discussed the report from Dr. Mellon in detail. Tr. 221-225. Plaintiff told Dr. Mellon that he had experienced depression for about a year, consisting of sadness and decreased physical energy, but he did not take his antidepressant medication regularly. Tr. 222. Dr. Mellon noted that Plaintiff had not undergone previous inpatient or outpatient psychiatric treatment. Tr. 223. Plaintiff described instances of returning to work intoxicated and being hospitalized for dehydration

and alcohol abuse, but denied having a problem with alcohol. Tr. 222. Dr. Mellon found Plaintiff's mood moderately depressed and his affect mildly irritable, with decreased range and intensity. Tr. 224. He diagnosed depressive disorder NOS and alcohol dependence. Tr. 224. Significantly, Dr. Mellon concluded that, even while abusing alcohol, Plaintiff had no more than moderate limitations in his ability to perform work related activities. Tr. 224-225. This Court notes that although Dr. Mellon could not with certainty separate out Plaintiff's limitations with and without alcohol use, Tr. 224, he found that Plaintiff's ability to function in a work setting was affected by the use of alcohol, and he expected that Plaintiff's ability to work would be improved significantly if the substance abuse stopped. Tr. 225.

The ALJ also considered the medical evidence of Plaintiff's alcohol abuse and depression. Tr. 19-24. Shortly before Plaintiff lost his job and alleged disability, medical records document increasing alcohol abuse. For example, the ALJ noted that in December 2004, Fotini Chalkias, M.D., Plaintiff's cardiologist, reported that Plaintiff had "quite a problem with alcohol." Tr. 19, 164. Dr. Chalkias further reported that Plaintiff's alcohol abuse was interfering with his liver functioning and the safety of his other medication. Tr. 164. The ALJ also noted that in March 2005, Dr. Easter treated Plaintiff for alcohol withdrawal and instructed him to stop drinking. Tr. 19, 119. Dr. Easter encouraged Plaintiff to start taking antidepressant medication again. *Id.*

The ALJ also discussed the evidence of Plaintiff's continuing alcohol abuse during the period he alleged disability. The ALJ discussed Plaintiff's June 2005 hospitalization for alcohol withdrawal after he fell three times trying to get out of his car. Tr. 19, 180-181. Plaintiff told doctors that he drank a fifth of hard liquor and a half to whole bottle of wine daily. Tr. 181. Plaintiff reported to a nurse practitioner that he occasionally felt "somewhat depressed," but said that he currently did not take antidepressants and declined the offer to prescribe them. Tr. 197-198.

This Court's function is to determine whether the record as a whole contains substantial evidence for the ALJ to determine that alcohol abuse was a contributing factor material to the determination of disability. This Court finds that it did.

## V.  Conclusion

Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. Nos. 13,14] is hereby denied and the decision of the Commissioner denying Plaintiff benefits is hereby affirmed. This matter is dismissed with prejudice.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**